**BROTHERHOOD OF RAILROAD TRAINMEN**

v.

**BOSTON AND MAINE RAILROAD.**

Civ. A. No. 63–835.

United States District Court
D. Massachusetts.

July 9, 1965.

---

Feeney & Malone, Joseph F. Feeney, Boston, Mass., for plaintiff.

Robert G. Bleakney, Jr., Boston, Mass., for defendant.

JULIAN, District Judge.

The plaintiff, a labor organization certified under the Railway Labor Act to represent certain employees of the defendant, brought suit to enjoin the defendant from violating the collective bargaining agreement that exists between them and for damages for the alleged violation.[1]

The violation of the collective bargaining agreement is alleged to have been committed by the defendant when it changed yard switching assignments at seven[2] points on its railroad on June 3, 1963. The changes in assignments were made by the defendant as a result of a check of the seven points made by its representatives. The plaintiff claims that the agreement requires a joint check, that is, by the Union and the Railroad, and concurrence of both before a change can be instituted. The defendant contends that it had power under the agreement to act as it did, claiming that the Union had refused to participate in a joint check.

The dispute has been submitted to the Railroad Adjustment Board for determination.

To ascertain the type of dispute in issue, i. e., whether major or minor, the Court turns to Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 723, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945):

"The first [major dispute] relates to disputes over the formation of collective agreements or efforts to secure them. They arise where there

---

1. Additionally the plaintiff asserts that the defendant violated Public Law 88–108, 88th Congress, S.J.Res. 102, August 28, 1963, 77 Stat. 132. That law expired 180 days from the date of its enactment and is not now in force.

2. Gardner, Lawrence, Lynn and Chelsea, Massachusetts; Keene and Woodsville, New Hampshire; and Bellows Falls, Vermont.

is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy. * * *

"The second class [minor dispute], however, contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case. * * *"

 Applying the tests set forth above, it is clear that the dispute in this case is minor, since it involves the meaning or proper application of the collective bargaining agreement in force.

That being so, the exclusive primary jurisdiction to decide the merits of the dispute is in the Railroad Adjustment Board. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950).

The plaintiff seeks to have the court annul the action taken by the defendant and order that the switching assignments be reinstituted to prevent irreparable harm to its members whose employment was terminated by the changes.

The court does have the power to grant the relief sought. Westchester Lodge 2186, Broth of Ry. & S.S. Clerks, etc. v. Railway Express Agency, Inc., 2 Cir., 329 F.2d 748 (1964).

From the pleadings, the affidavits, and on the evidence received at the hearing on the preliminary injunction, the Court finds that:

1. Reinstitution of the switching assignments at the seven points is not economically justified and would subject the defendant to a substantial, continuing economic loss.

2. The plaintiff did not show that any of the discharged employees desired re-employment or are available for re-employment.

3. The plaintiff failed to show that denial of a preliminary injunction would in any way subject the Brotherhood or any of its members to irreparable damage. There is not even an indication that the Brotherhood or any of its members would suffer any hardship if no preliminary injunction is issued pending final determination of the dispute on the merits.

The application for a preliminary injunction is therefore denied.